# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PRICE<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　Defendant. | Case No. 1:25-cv-00807-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL<br><br>(ECF No. 6) |

　　　Currently before the Court is Defendant's motion to disqualify Downtown L.A. Law Group ("DTLA Law") as counsel for Plaintiff. (ECF No. 6.) Having considered the motion, opposition and reply papers, the declarations and exhibits attached thereto, and arguments presented at the October 8, 2025 hearing, as well as the Court's file, the Court issues the following order.

**I.**

**BACKGROUND**

　　　On August 27, 2024, Plaintiff filed a complaint against Defendant Costco Wholesale Corporation ("Defendant" or "Costco") in the Superior Court of California alleging premises liability and negligence when he was injured on Defendant's premises. (ECF No. 1. Ex. D.) In his complaint, Plaintiff alleges that on or about October 24, 2022, he was walking within the parking lot of the premises when he "stepped on an unmarked and/or unsecured unknown object and/or substance causing him to trip and fall," thereby causing severe pain and injury. (Id. at p.

1  25.) The case was removed to this Court on July 2, 2025. (Id.) On July 28, 2025, Defendant
2  filed the motion to disqualify DTLA Law as counsel for Plaintiff, along with its request for
3  judicial notice in support of the motion to disqualify. (ECF Nos. 6, 6-4.)

4  Plaintiff is currently represented by Sako Demirjian of DTLA Law. Anthony Werbin
5  ("Werbin") is currently an attorney at DTLA Law but is not counsel of record in this case. Prior
6  to joining DTLA Law, Werbin was counsel for Costco on 21 cases from July 5, 2017 to January
7  16, 2020. (ECF No. 6-1; Ruijters Decl., ¶ 2.) During that period, Werbin billed 1,195 hours of
8  time. (Id. at ¶ 8.) Werbin's representation involved personal injury matters, including trip-and-
9  fall, and slip-and-fall injuries. (Id. at ¶ 3.) Notably, Werbin served as one of Costco's trial counsel
10 in a personal injury matter in Guo Jun Chen v. Costco Wholesale Corporation, (Los Angeles
11 County Superior Court, Case No. BC654699), which went to trial on May 29, 2019, with a verdict
12 rendered on June 4, 2019. (Id. ¶ 4.)

13 While representing Costco, Werbin was lead counsel and "handled virtually every aspect
14 of Costco's file, which included, but was not limited to, developing strategy, communicating with
15 Costco employees as well as its claims administrator Gallagher Bassett, reviewing confidential
16 and privileged documents, preparing responses to discovery, preparing witnesses to testify at
17 depositions, defending numerous depositions of Costco employees, and developing litigation
18 strategy." (Id. at ¶ 5.) In connection with this representation, "Werbin was privy to Costco's pre-
19 litigation strategies, case handling procedures, attorney-client communications, confidential and
20 proprietary information about Costco's operations, confidential client documentation, policies
21 and procedures, and trade secrets." (Id. at ¶ 6.) Further, on March 19, 2019, Werbin attended a
22 one-day California Defense Counsel Conference that Costco held for its panel of California
23 defense attorneys to discuss California litigation, provide information, and share defense tools
24 and strategies with its defense counsel. (Id. at ¶ 7.)

25 Defendant is concerned that Werbin has not been properly screened from participation in
26 cases involving Costco since the beginning of his employment at DTLA Law. (ECF No. 6-1., p.
27 2.) In Werbin's prior declarations in opposition to the same motion, he admits that he "brought a
28 case (the 'Staats Case') against Costco to a successful resolution" shortly after his employment

with his prior firm ended but allegedly prior to joining DTLA Law Group. (ECF No. 6-4, Ex. B at ¶ 11.) However, a notice of settlement in the Staats case was filed and signed by Werbin on behalf of the Downtown LA Law Group. (ECF No. 6-4, Ex. A.)

Plaintiff attests that Werbin has not worked on the defense of any Costco's files for five years and seven months. (ECF No. 13, pp. 3-4.) Any information he may possess concerning the defense of such claims is derived from his own personal knowledge and experience accumulated during his eight years as a defense attorney, and not from any prior representation for Defendant. (Id.) Additionally, Werbin is not assigned as counsel in this case and has no access to any documents or information related to this matter. (Demirjian Decl., ¶¶ 4-5.) DTLA Law manages its practice by dividing into various teams, which do not share personnel, workloads, or case files. (Id. at ¶ 9.) Werbin's team is not assigned any Costco cases. (Id.)

In December 2021, DTLA Law implemented an ethical wall to prevent any attorney or employee from viewing documents or information related to a matter they were not assigned to. (Id. at ¶¶ 6-9.) As a result, Werbin is effectively isolated from all Costco-related matters and was unaware that this case is being handled by DTLA Law. (Id. at ¶¶ 4-9.) Although the Staats case predates the implementation of this ethical wall, the wall had already been in place for approximately two years before DTLA Law was retained in this matter. (ECF No. 13, p. 6; Id. ¶¶ 6–9.)

## II.

## LEGAL STANDARD

In federal court, motions to disqualify counsel are decided under state law. In re Cnty. of L.A., 223 F.3d 990, 995 (9th Cir. 2000); Hitachi, Ltd. v. Tatung Co., 419 F. Supp 1158, 1160 (N.D. Cal. 2006); Local Rule 180(e). Under California law, "the starting point for deciding a motion to disqualify counsel is the recognition of interests implicated by a motion." Hitachi, 419 F.Supp.2d at 1160. The movant bears the burden of proof. Hernandez v. Guglielmo, 796 F. Supp. 2d 1285, 1289 (D. Nev. 2011). The decision to grant a motion to disqualify based on conflict of interest lies within the trial court's discretion. Id. Disqualification motions involve considerations such as a client's right to chosen counsel, an attorney's interest in representing a

3

1  client, and the financial burden imposed on a client to replace disqualified counsel. Id. at 1161.

2  "Disqualification is a blunt tool meant to encourage wide berth of ethical grey areas, its
3  ruthlessness warranted only after a clear showing of conflict." Lennar Mare Island, LLC v.
4  Steadfast Ins. Co., 105 F.Supp.2d 1100, 1107 (E.D. Cal. 2015). Merely anticipatory or
5  speculative concerns are insufficient to justify disqualification. Agena v. Cleaver-Brooks, Inc.,
6  428 F. Supp. 3d 267, 273 (D. Haw. 2019). Because "disqualification is a drastic measure, it is
7  generally disfavored and should only be imposed when absolutely necessary." Id. (quoting
8  Concat LP v. Unilever, PLC, 350 F.Supp.2d 796, 814 (N.D. Cal. 2004)).

## III.
## DISCUSSION

### A. Judicial Notice

Under the Federal Rules of Evidence, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred, that proceedings are ongoing, or that a document was filed in a particular case. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). Federal courts may also take notice of proceedings if those proceedings have a "direct relation" to matters at issue. U.S. Ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

Defendant requests that the Court take judicial notice of a notice of settlement from a matter in which Werbin represented a client adverse to Costco in December of 2020 and a declaration from Werbin from a prior opposition to Defendant's motion to disqualify DTLA Law in June of 2023. (ECF No. 6-4.) Plaintiff opposes Defendant's request stating that the Court may take judicial notice only for the existence of these documents, not for the truth of the matters asserted therein. (ECF No. 13-3.)

Because the requested documents have a direct relation to matters at issue in this case, the Court GRANTS Defendant's request. However, the Court takes judicial notice only of the existence of these documents, not of the truth asserted in them. See BP W. Coast Prods. LLC. v. May, 347 F. Supp. 2d 898, 906 (D. Nev. 2004).

**B. Disqualification**

The question before the Court is whether DTLA Law should be disqualified from continuing to represent Plaintiff in this action. In considering this issue, the Court turns to the California Rule of Professional Conduct 1.10(a). Rule 1.10(a) provides that no lawyer associated in a law firm shall knowingly represent a client when any of them, practicing alone, would be prohibited from doing so, unless the prohibited lawyer: (i) "did not substantially participate in the same or a substantially related matter"; (ii) "is timely screened from any participation in the matter and is apportioned no part of the fee therefrom"; and (iii) "written notice is promptly given to any affected former client…" See Cal. R. Prof. Conduct 1.10(a)(2)(i)-(iii).

Without commenting on the substantial participation or timeliness of the screen, the Court notes that Plaintiff offers no evidence that DTLA Law gave written notice to Defendant, in violation of Rule 1.10(a)(2)(iii).[1] At the hearing in this matter, Plaintiff proffers that DTLA Law did not need to provide written notice to Defendant as Werbin is not representing Plaintiff in this case. Additionally, Plaintiff agreed it was not the firm's position to send the notice even when

---

[1] Despite Defendant's claim that DTLA Law failed to provide notice, this is not the first time Defendant has brought a motion for disqualification against DTLA Law based on the same facts presented. See Zapon v. Costco Wholesale Corp., 2021 U.S. Dist. LEXIS 150180 (C.D. Cal. Aug. 10, 2021); Cochran v. Costco Wholesale Corp., 2021 Cal. Super. LEXIS 71114 (Oct. 25, 2021); Monroy v. Costco Wholesale Corp., 2022 Cal. Super. LEXIS 39607 (July 1, 2022); Vaxmonsky v. Costco Wholesale Corp., 2022 U.S. Dist. LEXIS 246194 (C.D. Cal. July 27, 2022); Diaz v. Costco Wholesale Corp., 2022 Cal. Super. LEXIS 58285 (Sept. 20, 2022); Sierra v. Costco Wholesale Corp., 630 F. Supp. 3d 1199 (N.D. Cal. 2022); Ramos v. Costco Wholesale Corp., 2022 U.S. Dist. LEXIS 235796 (C.D. Cal. Nov. 9, 2022); Rodas v. Costco Wholesale Corp., 2023 Cal. Super. LEXIS 12322 (Feb. 8, 2023); Reid v. Costco Wholesale Corp., 2023 U.S. Dist. LEXIS 84304 (C.D. Cal. Apr. 20, 2023); Galvan v. Costco Wholesale Corp., 2023 Cal. Super LEXIS 68018 (Sept. 6, 2023); Noris-Barrera v. Costco Wholesale Corp., 2023 U.S. Dist. LEXIS 218279 (N.D. Cal. Dec. 6, 2023); Aguilar v. Costco Wholesale Corp., 2024 U.S. Dist. LEXIS 78460 (C.D. Cal. Jan. 29, 2024); Vankiet Tran v. Costco Wholesale Corp., 2024 U.S. Dist. LEXIS 60789 (S.D. Cal. Apr. 2, 2024); Fanai v. Costco Wholesale Corp., 2024 Cal. Super. LEXIS 572 (Jan. 12, 2024); Nabizada v. Costco Wholesale Corp., 2024 Cal. Super. LEXIS 1686 (Jan. 19, 2024); Thurber v. Costco Wholesale Corp., 2024 Cal. Super. LEXIS 59181 (Nov. 21, 2024); Wayfer v. Costco Wholesale Corp., 2025 U.S. Dist. LEXIS 6308 (E.D. Cal. Jan. 10, 2025); and Cardenas v. Costco Wholesale Corp., 2025 Cal. Super. LEXIS 25679 (May 28, 2025). Based upon the reading of Rule 1.10(a)(2)(iii), the purpose of the notice requirement is to ensure that the former client is informed of such representation so that compliance with the rule is maintained and objections may be raised. Defendant has been aware that Werbin is affiliated with DTLA Law and has previously raised this same issue, demonstrating actual notice.

Werbin is a member of the firm. It is the Court's interpretation that the firm is required under Rule 1.10(a)(2)(iii) to provide written notice. Failure to do so constitutes a violation, as all three prongs must be satisfied.

Notwithstanding Plaintiff's failure to provide written notice, Rule 1.10 is a "rule of prohibition, not disqualification." Alvarez v. Bayrock Multifamily LLC, 2021 Cal. Super. LEXIS 14139, at *8 (May 5, 2021). The Rule itself does not dictate the Court's ultimate decision but instead offers guidance in understanding the California Supreme Court's thinking regarding this analysis. Accordingly, having found a violation of Rule 1.10(a)(2), the Court now turns to whether disqualification is appropriate. See Klein v. Facebook, Inc., 2021 U.S. Dist. LEXIS 135218, at *15-16 (N.D. Cal. July 20, 2021).

The Court first considers whether a substantial relationship exists between Werbin's previous representation and the instant case before turning to the issue of whether any conflict is imputed to DTLA Law that requires its disqualification in the instant action.

1. Whether a Substantial Relationship Exists Between Werbin's Previous Representation of Costco and the Current Case

"To determine whether there is a substantial relationship between successive representations, a court must first determine whether the attorney had a direct professional relationship with the former client in which the attorney personally provided legal advice and services on a legal issue that is closely related to the legal issue in the present representation." City & Cnty. of San Francisco v. Cobra Sols., Inc., 38 Cal. 4th 839, 847 (2006). If the former representation involved such a direct relationship with the client, the former client need not prove that the attorney possesses actual confidential information. Id. Instead, the attorney is presumed to possess confidential information if the subject of the prior representation put the attorney in a position in which confidences material to the current representation would normally have been imparted to counsel. Id.

Here, Defendant asserts that Werbin was counsel for Costco in 21 cases from July 2017 through January 2020 for personal injury matters substantially similar to Plaintiff's case. (Ruijters Decl., ¶ 2.) Werbin served as trial counsel for Defendant in the case of Guo Jun Chen v. Costco

1  Wholesale Corporation (Los Angeles County Superior Court, Case No. BC654699), and he
2  attended a Costco Defense Attorney Conference in which Costco discussed various defense tools
3  and strategies relating to defending slip and fall cases. (Id. at ¶¶ 4, 7.) Throughout Werbin's
4  representation of Costco, he handled every aspect of Costco's file, including developing strategy,
5  communicating with Defendant's employees and warehouses, reviewing confidential and
6  privileged documents, defending depositions of Costco employees, and developing litigation
7  strategy. (Id. at ¶ 5.)

In opposition, Plaintiff argues disqualification is not warranted because Defendant fails to identify any confidential information that Werbin possesses that is materially related to the case at issue. (ECF No. 13, p. 9.) Werbin previously spent five years in insurance defense before representing Costco, during which he developed his own strategies and experience as an attorney. (Id. at p. 11.) Moreover, Werbin's representation of Costco occurred over five years ago, and disqualification at this point would be punitive in nature. (Id. at p. 9) Plaintiff further contends that exposure to a "general playbook" of information, as well as the overall structure and practices of a company, is insufficient by itself to warrant disqualification. (Id. at pp. 10-11.) Because Defendant fails to identify any confidential information that Werbin possesses that is materially related to the case at issue, Defendant cannot meet its burden. (Id. at p. 12.)

The Court finds that Defendant has demonstrated the existence of a substantial relationship. Based on the information presented, Werbin had a direct relationship with Costco through his prior representation and the services provided are closely related to the present legal issue. Because the representations are substantially related, Werbin's access to confidential information is presumed. Accordingly, disqualification of Werbin is warranted.

2.  Whether Werbin's Disqualification is Imputed to DTLA Law

Because the Court has concluded that Werbin would be disqualified from representing Plaintiff in this action, the question is whether Werbin's disqualification is imputed to DTLA Law.

California employs a burden-shifting approach to determine whether a law firm should be

disqualified:

> Once the moving party in a motion for disqualification has established that an attorney is tainted with confidential information, a rebuttable presumption arises that the attorney shared that information with the attorney's law firm. The burden then shifts to the challenged law firm to establish that the practical effect of formal screening has been achieved.

Kirk v. First Am. Title Ins. Co., 183 Cal. App. 4th 776, 809-810 (2010). The California Court of Appeals recognized that the essential elements of an ethical screen are "timeliness and the imposition of prophylactic measures." Id. While effective screening varies from case to case, typical elements of an effective wall include:

> [1] physical, geographic, and departmental separation of attorneys; [2] prohibitions against and sanctions for discussing confidential matters; [3] established rules and procedures preventing access to confidential information and files; [4] procedures preventing a disqualified attorney from sharing in the profits from the representation; [5] continuing education in professional responsibility; and [6] notice to the former client.

Id. at 810-13 (quoting Henriksen v. Great am. Savings & Loan, 11 Cal. App. 4th 109, 116 n.6 (1992). "The efficacy of any particular ethical wall is *not* to determine whether all of a prescribed list of elements (beyond [the essential elements]) have been established;" rather, it is a guide for courts in determining whether a law firm has established an effective ethical wall sufficient to rebut the presumption that confidences were or will be shared. Id.

      Defendant contends that Werbin's disqualification must be imputed to all attorneys at DTLA Law because the firm failed to provide written notice to Costco and did not implement an ethical wall in a timely manner. (ECF No. 6-1, pp. 8-9.) Defendant argues that to be considered timely, screening should be implemented before the challenged representation begins or before the hiring of the disqualified attorney. (Id. at p. 9.) Defendant points to Werbin's prior declaration, where he says that he successfully resolved a case ("Staats") against Costco shortly after leaving his previous firm but allegedly before joining DTLA Law. (Id.) However, Werbin signed and filed a notice of settlement in that same case as an attorney affiliated with DTLA Law. (Id.) According to Defendant, this inconsistency demonstrates that no effective screen was in place at the commencement of Werbin's employment with DTLA Law. (Id.) Defendant further

asserts that DTLA Law's active marketing of Werbin's experience and "unique perspective" supports an inference that confidential information regarding Costco has been, and likely will continue to be, shared with other attorneys at the firm. (Id.)

Plaintiff rebuts Defendant's argument by clarifying that Werbin has never been assigned as counsel in this matter, has no access to any documents or information related to it, and will not receive any profits from DTLA Law's representation. (ECF No. 13, p. 13.) Additionally, in December of 2021, DTLA Law implemented a change to its software and file management system prohibiting any attorney not assigned to a matter from accessing any documents or information related to it. (Id.) This change occurred within two years of DTLA Law's retention of Werbin. (Id.) Moreover, all attorneys at DTLA Law are instructed of the screening procedures and are required to comply, under penalty of disciplinary action up to and including termination. (Id. at p. 14.) The firm also organizes its cases into various teams, each composed of separate attorneys, paralegals, and office staff. (Id.) These teams do not share cases, case files, or personnel. (Id.) Plaintiff asserts Werbin and his team have no knowledge of any cases involving Defendant, nor of their existence. (Id.) Because Werbin is neither affiliated with nor working on the present matter and because no confidential information concerning Defendant has been or will be shared, Plaintiff argues disqualification of DTLA Law is unwarranted.

The Court finds that DTLA Law has met its burden of showing that it timely and effectively screened Werbin from this case. Werbin cannot access any documents related to this case due to the software and file management system change implemented by DTLA in December of 2021. While it is unclear when Werbin brought the Staats case, the change in software occurred about two years prior to DTLA's retention of Plaintiff in this matter, which demonstrates that preventive measures were implemented before this litigation started.[2] Furthermore, Werbin will not share in any of the profits from DTLA's representation of this matter, has physical and departmental separation from attorneys handling cases against Defendant, and the firm has established prohibitions and sanctions for discussing confidential matters. Accordingly, Werbin's

---

[2] While courts have reached differing conclusions on this issue, the Court is persuaded by DTLA Law's argument. This finding aligns with the most recent orders on this issue. See Cardenas, 2025 Cal. Super. LEXIS 25679; Wayfer, 2025 U.S. Dist. LEXIS 6308; Thurber, 2024 Cal. Super. LEXIS 59181; and Nabizada, 2024 Cal. Super. LEXIS 1686.

disqualification is not imputed to DTLA Law.

## IV.
## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to disqualify DTLA Law from representing Plaintiff in this matter.

IT IS SO ORDERED.

Dated:   **November 3, 2025**

STANLEY A. BOONE
United States Magistrate Judge